**Allen R. TURK, Plaintiff—Appellant,**

v.

**S.C. KIRSHNER, Sergeant; et al.,
Defendants—Appellees.**

No. 02–15223.

D.C. No. CV–00–00160–LKK(JFM).

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 18, 2003.

Before CANBY, O'SCANNLAIN, and
T.G. NELSON, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

California state prisoner Allen R. Turk appeals pro se the district court's summary judgment in his action alleging that prison officials retaliated against him for filing a civil rights complaint by twice attempting to crush him with electric prison doors. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Clicks Billiards, Inc. v. Sixshooters, Inc.,* 251 F.3d 1252, 1257 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment on Turk's retaliation claim because his evidence did not create a genuine issue of material fact as to whether Turk's exercise of his First Amendment rights was the substantial motivating factor behind Officer Munroe's decision to close the prison doors. *See Pratt v. Rowland,* 65 F.3d 802, 808 (9th Cir.1995).

The district court properly granted summary judgment on Turk's excessive force claim because the evidence Turk submitted was insufficient to create a genuine issue of material fact whether the decision to close the prison doors was undertaken with a malicious or sadistic motive. *See Jeffers v. Gomez,* 267 F.3d 895, 900 (9th Cir.2001) (per curiam) (citation omitted).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. We